(32 Misc. Rep. 695.)

POLHAMUS v. CORNELL STEAMBOAT CO.

(Ulster County Court. November, 1900.)

1. JUSTICE OF THE PEACE—NEGLIGENCE—FINDINGS OF FACT—REVIEW.

Where, in an action to recover for damages to plaintiff's fish net, caused by defendant in navigating its tug boat, the justice court found that defendant was negligent, it being a question of fact, such finding will not be reviewed on appeal to the county court.

2. COLLISION—NEGLIGENCE—EVIDENCE.

Plaintiff's father was fishing on a clear, moonlight night with plaintiff's net, in a fish boat, which was well lighted and plainly visible at a considerable distance. The fish boat was lying almost motionless near the middle of the stream, which was about half a mile wide, and the net extended to the eastward to within 200 feet of the shore, with its buoys all visible. Defendant's tug boat approached, towing a number of loaded canal boats, in the middle of the stream, headed slightly towards the west, and by following such course would have avoided the fish boat. When about 200 feet from the fish boat the pilot of the tug changed the tug's course without any reason, and ran to the east of the fish boat, and about 2 feet from its stern, catching the net and cutting it in two, and dragging the boat alongside the tug. Just as he changed the tug's course, the pilot saw that the men in the boat were pulling in the net. *Held* to show gross negligence in the navigation of the tug boat, since it was the duty of the tug to keep away from the fish boat, and its owner was therefore liable for the damages.

Appeal from justice court.

Action by Herbert Polhamus against the Cornell Steamboat Company to recover damages caused by a collision. From a justice's judgment in favor of plaintiff, defendant appeals. Affirmed.

Amos Van Etten, for appellant.
R. L. Garretson, for respondent.

SANDERSON, J. The only question submitted to me on this appeal is whether the defendant was guilty of negligence in navigating its boat on the night in question, by which an injury happened to plaintiff's net. The evidence shows that a question of fact exists in the case, and, the trial court having decided that the defendant was negligent, this court cannot review that decision.

67 N.Y.S.—37

It is true that the conflict of evidence is very slight, but the facts testified to by the plaintiff and his witnesses are such as to fully warrant the justice in rendering judgment for the plaintiff. The night in qusetion was a clear, moonlight night. The father of the plaintiff was fishing with his son's net. The fish boat was in the middle of the river, which at this point was half a mile wide. The fish net was to the eastward of the boat, and reached to within 200 feet of the shore. The river was calm, and the tide at slack water. The fish boat was well lighted, and distinctly visible at a considerable distance. Between 12 and 1 o'clock in the morning the defendant's tug boat Columbia, having 18 loaded canal boats in tow, was sighted at a distance of half a mile to a mile south of where the fish boat lay. The fishermen were pulling in their net, and their boat lay almost motionless in the water. The pilot of the Columbia sighted the fish boat at the distance of about a mile, as he states. The tug boat was in the middle of the river, headed slightly towards the west, and moving at the rate of about three miles an hour. The evidence shows that, had she kept the course she was sailing in, no accident would have happened, and the collision that subsequently occurred would have been avoided. The evidence does not clearly show that the pilot of the tug boat knew that it was a fish boat he was approaching, and that the persons in it were fishing, but the inference is almost irresistible that he did. When within a quarter of a mile of the fish boat, as plaintiff's witnesses state, or within 200 feet, as the pilot of the tug testifies, the course of the tug was changed to the eastward. She then ran to within 2 feet of the stern of the fish boat, where the bow of the tug caught the net, pulling it out of the row boat, cutting it in two, and dragging the row boat alongside of the tug boat. Under these circumstances, the owner of the tug boat was clearly liable for the damages occasioned by the collision. There is no sufficient reason why the tug boat changed her original course. It was the duty of the tug boat to have kept away from the fish boat, which was lying almost motionless in the water. There was another fish boat about half a mile up the stream, but this does not furnish any reason for changing the course of the tug. According to the testimony of the pilot of the tug, at the very time he changed his course to the eastward he discovered that the men in the row boat were pulling in a net. This is an additional reason why he should have continued the course of his boat to the westward. The buoys of the net lying to the eastward were all visible, and there is no reason why he should not have seen them if he had chosen to do so. Again, if the rules of navigation required the tug boat to go to the eastward of the fish boat, then the tug boat should have been kept far enough to the eastward to pass over the net in safety, and no reason is given why this was not done. Instead of taking either of these methods to avoid a collision, the tug boat approached to within two feet of the row boat, lying almost motionless, which resulted in the accident in question. It seems to me that here is negligence of a very gross character,—certainly all that the law requires to render the owner of the tug boat responsible for the

damages that ensued. There is nothing in the rules of navigation that justifies the pilot of the tug boat in taking the course that he did. The judgment of the justice is affirmed, with costs.

Judgment affirmed, with costs.